UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MATTHEW RICHARD** | : | **DOCKET NO. 13-CV-03086** |
| **VS.** | : | **JUDGE MINALDI** |
| **UNITED STATES DEP'T OF ENERGY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT & RECOMMENDATION

Before the court is the motion for leave to proceed *in forma pauperis* on appeal, [doc. 41], filed by plaintiff Matthew Richard (hereafter, "plaintiff").

For the following reasons, **IT IS RECOMMENDED** that the motion be **DENIED.**[1]

### I. BACKGROUND

On July 7, 2014, the court issued a memorandum ruling dismissing plaintiff's claims against defendant Orion Marine Construction, Inc. (hereafter, "Orion") under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Doc. 38.  Because plaintiff

---

[1] As noted by one of our sister courts:

> There is some disagreement among courts over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a non-dispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B) and thus reviewed de novo. . . . The confusion stems, in part, from the Fifth Circuit's decision in *Donaldson v. Ducote,* 373 F.3d 622 (5th Cir. 2004), in which the court addressed *sua sponte* the issue of whether a magistrate judge has authority to enter a final, appealable order on a § 1983 plaintiff's application to proceed *in forma pauperis* on appeal. The court explained that, when parties to a case do not consent to proceed before a magistrate judge under 28 U.S.C. § 636(c), a magistrate judge is not authorized to enter a final judgment that is directly appealable to the circuit court of appeals. *Id.* at 624 (citing *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984)).

*Wilson v. Becker*, 2008 WL 81286 at *1–*2  (E.D. La. 2008) (internal citations omitted).  Out of an abundance of caution, and in order to comply with the reasoning behind the Fifth Circuit's holding in *Donaldson*, 373 F.3d at 622, the undersigned is  issuing her ruling via the Report and Recommendation procedure so that plaintiff will have every opportunity to seek review from the district judge.

had already voluntarily dismissed all other defendants, [*see* docs. 25, 26, 35, 37], the case was then closed.

Plaintiff, who is still represented by counsel, now wishes to appeal the ruling without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1) and FED. R. APP. P. 24(a). Doc. 41, p. 1. Via affidavit he states that he is unable to prepay the $500 filing fee[2] or give security therefor, and that he should nonetheless be allowed to seek redress. Doc. 41, att. 2. Regarding the nature of his appeal, he states only that

> the issues which I desire to present on appeal are the dismissal of my suit and denial of my claim of liability for the injuries I sustained against [Orion], as set forth more fully in the opposition to Orion's motion for summary judgment[3] filed on my behalf[.]

Plaintiff submitted a financial statement along with his application.[4] *See* doc. 41, att. 1. Therein he states that he has not been employed since April 9, 2014, but lists income in the form of disability benefits exceeding $3,000 per month. *Id.* at 1–2.

## II. LAW & ANALYSIS

A party wishing to appeal without prepayment of fees must "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *see also* FED.

---

[2] *See* http://www.uscourts.gov/FormsAndFees/Fees/CourtOfAppealsMiscellaneousFeeSchedule.aspx; *see also* 28 U.S.C. § 1913.

[3] Orion did not file a motion for summary judgment, but rather a motion to dismiss pursuant to Rule 12(b)(6). We will assume that plaintiff is referring to his opposition to Orion's 12(b)(6) motion. Doc. 22.

[4] The financial statement is styled as an "Application to Proceed *in forma pauperis* under 706(f) of the Civil Rights Act of 1964." Doc. 41, att. 1, p. 1. It would appear that plaintiff used an incorrect form, because § 706(f) deals with complaints filed with the Equal Employment Opportunity Commission ("EEOC"), [*see* 42 U.S.C. § 2000e-5(f)], and this case does not involve the EEOC whatsoever. However, insofar as the application contains the information required under FED. R. APP. P. 24(a) the undersigned will nonetheless consider the information contained in the application.

R. APP. PROC. 24 (a)(1). A non-prisoner litigant who has not been granted pauper status in the district court action must file a motion in the district court in order to proceed *in forma pauperis* on appeal. FED. R. APP. P. 24(a)(3). "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing." FED. R. APP. P. 24(a)(2).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal taken in good faith means an appeal that presents at least one nonfrivolous issue. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). "Probable success on the merits need not be shown. The court only examines whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Id.* (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

Here, plaintiff does not articulate the legal basis for his appeal other than to reference his opposition brief to Orion's motion to dismiss. Doc. 41, att. 2. That brief essentially argues that Orion failed to carry its burden under Rule 12(b)(6) because plaintiff's complaint set forth sufficient factual information such that his claims against Orion were plausible. The court disagreed concluding that, even accepting plaintiff's factual allegations as true, Orion owed no duty to plaintiff under general maritime tort law. Doc. 38, pp. 7–8.

In this motion plaintiff does not indicate any instance where the court's ruling was legally incorrect or otherwise reversible; rather, he simply indicates that he wishes to relitigate the issue for the same reasons as before. We therefore certify that the appeal is not taken in good faith in that plaintiff does not provide the court with *any* bases for appeal, frivolous or not.

However, even assuming that plaintiff argues the same issues on appeal and that these arguments have merit, plaintiff is not financially eligible to proceed *in forma pauperis*. As evidenced by his financial affidavit, plaintiff enjoys sufficient income and possesses sufficient assets to either pay the $500.00 filing fee or post security for same.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* on appeal, [doc. 41], be **DENIED** because the appeal is not taken in good faith and plaintiff is not financially eligible.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 8th day of August, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE